UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| QUALITY COMMUNICATIONS, INC. | ) | CASE NO.: 02-34929 |
| | ) | |
| DEBTOR(s) | ) | |
| | ) | |
| RANDALL SCHERER | ) | AP NO.: 04-3053 |
| | ) | |
| PLAINTIFF(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| QUALITY COMMUNICATIONS, INC., et al. | ) | |
| | ) | |
| DEFENDANT(s) | ) | |

**MEMORANDUM-OPINION**

This matter came before the Court for a hearing on the Motion by Randall Scherer, as Trustee for the Estate of QCI ("Trustee") for Leave to File Amended Complaint and the Joint Response to Motion to Amend Complaint by Intervener Defendant Bank One, N.A. and James Strozdas (jointly referred to herein as "Defendants") on March 28, 2006. The Court considered the written submissions of the parties and the arguments of counsel at the hearing and for the following reasons **DENIES** Trustee's Motion.

**LEGAL ANALYSIS**

This adversary proceeding was initiated by Trustee on March 12, 2004. In the original Complaint, Trustee asserted claims against the Defendants under 11 U.S.C. §548 and 11 U.S.C. §547. The parties engaged in extensive discovery over a period of 24 months. This Court entered

a Scheduling Order with deadlines that were extended several times. Discovery ultimately closed on February 17, 2006. The Court set March 10, 2006 as the deadline for filing dispositive motions. The matter is set for trial on May 1, 2006. All parties have filed motions for summary judgment and but for supplemental briefs due on an isolated issue, the matter is ready for submission.

Trustee's proposed Amended Complaint seeks to add two new claims. The first claim seeks to add a claim under 11 U.S.C. §550. Plaintiff refers to this claim as essentially a "lesser included offense" under the 11 U.S.C. §548 claim.

The second claim is based on the new allegations that the Bank One Defendants aided and abetted Defendant James Strozdas in his breach of fiduciary duties to the Debtor making them jointly and severally liable under Steelvest, Inc. v. Scansteel Service Center, 807 S.W.2d 476, 485 (Ky. 1991).

Trustee asserts that there is no prejudice to the Defendants because these claims are not based on new facts. Trustee also claims that since there are no new facts alleged there is no need for further discovery and Defendants can adequately defend the claims on the discovery conducted to date.

Defendants' claim that the late filing of the Motion to Amend the Complaint would require additional discovery as the claims are new allegations against them, necessitating further discovery, and that considering the current posture of the case, it would be unduly prejudicial for the Court to allow the amendment. Defendants also claim that the proposed amendments are futile and cannot be legally supported. The Court finds merit in the arguments made by Defendants in the defense of this Motion.

The Court is well aware that under Fed. R. Bankr. P. 7015, leave to amend pleadings, "shall be freely given when justice so requires." The Court is also well within its discretion to deny leave to amend when there is undue prejudice to the defendants, delay, bad faith, a dilatory motive, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962).

Trustee is correct that no new facts are needed to support the §550 claim. However, Defendants insist that they would need to conduct additional discovery to defend the claims. While Trustee may need no further discovery, it is clear that the Defendants would suffer undue prejudice if unable to pursue discovery on the claim. If indeed Trustee needs no new facts to support the §550 claim, then this claim should have been raised at the time the §548 action was raised at the inception of the case. The same is true of the aiding and abetting claim. The Court finds that no reasonable justification has been tendered for the late date at which these claims are raised.

It is important to note that the Trustee did not file his Motion to Amend until the last day of discovery. These claims could and should have been raised two years earlier. It is disingenuous to claim Defendants are not prejudiced by such late claims. The Sixth Circuit case of Priddy v. Edelman, 883 F.2d 438 (6th Cir. 1989) is squarely on point. Summary judgment motions have already been filed and this action is set for trial in less than two months. Defendants clearly would be prejudiced in defending these two claims without additional discovery and further by the extension of the trial dates scheduled. As the Court in Priddy stated, "Putting the defendants 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'" Priddy, 883 F.2d at 446-47.

This case is too far along for Trustee to now raise two new theories that could have been raised at the outset of the case. The Court will, therefore, deny Trustee's Motion based on the untimely filing of the Motion and the undue prejudice placed on the Defendants by the addition of these two new claims.

## **CONCLUSION**

For all of the above reasons, the Court **DENIES** the Motion by Randall Scherer, as Trustee for the Estate of QCI for Leave to File Amended Complaint. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| QUALITY COMMUNICATIONS, INC. | ) | CASE NO.: 02-34929 |
| | ) | |
| DEBTOR(s) | ) | |
| | ) | |
| RANDALL SCHERER | ) | AP NO.: 04-3053 |
| | ) | |
| PLAINTIFF(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| QUALITY COMMUNICATIONS, INC., et al. | ) | |
| | ) | |
| DEFENDANT(s) | ) | |

## **ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Randall Scherer, as Trustee for the Estate of QCI for Leave to File Amended Complaint, be and hereby is, **DENIED**.